IN RE RESIGNATION OF BECKLEY.

[Cite as *In re Resignation of Beckley*, ___ Ohio St.3d ___, 2018-Ohio-4337.]

*Attorneys at law—Resignation with disciplinary action pending—Gov.Bar R. VI(11)(C).*

(No. 2018-1454—Submitted October 23, 2018—Decided October 26, 2018.)

ON APPLICATION FOR RETIREMENT OR RESIGNATION

PURSUANT TO GOV.BAR R. VI(11).

_____

{¶ 1} John Gerald Beckley, Attorney Registration No. 0055922, last known business address in Minocqua, Wisconsin, who was admitted to the bar of this state on November 18, 1991, submitted an application for retirement or resignation pursuant to Gov.Bar R. VI(11). The application was referred to disciplinary counsel pursuant to Gov.Bar R. VI(11)(B). On October 10, 2018, the Office of Attorney Services filed disciplinary counsel's report, under seal, with this court in accordance with Gov.Bar R. VI(11)(B)(2).

{¶ 2} On consideration thereof, it is ordered by the court that pursuant to Gov.Bar R. VI(11)(C), the resignation as an attorney and counselor at law is accepted as a resignation with disciplinary action pending.

{¶ 3} It is further ordered and adjudged that from and after this date all rights and privileges extended to respondent to practice law in the state of Ohio be withdrawn, that henceforth respondent shall cease to hold himself forth as an attorney authorized to appear in the courts of this state, and that respondent shall not attempt, either directly or indirectly, to render services as an attorney or counselor at law to or for any individuals, corporation, or society, nor in any way perform or seek to perform services for anyone, no matter how constituted, that

must by law be executed by a duly appointed and qualified attorney within the state of Ohio.

{¶ 4} It is further ordered that respondent desist and refrain from the practice of law in any form, either as principal or agent or clerk or employee of another, and hereby is forbidden to appear in the state of Ohio as an attorney and counselor at law before any court, judge, board, commission, or other public authority, and hereby is forbidden to give another an opinion as to the law or its application or advise with relation thereto.

{¶ 5} It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(23)(C). If employed pursuant to Gov.Bar R. V(23), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(23)(A)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

{¶ 6} It is further ordered that respondent shall not enter into an employment, contractual, or consulting relationship with an attorney or law firm with which respondent was associated as a partner, shareholder, member, or employee at the time respondent engaged in the misconduct that resulted in this acceptance of respondent's resignation with discipline pending.

{¶ 7} It is further ordered that respondent shall surrender respondent's certificate of admission to practice to the clerk of the court on or before 30 days from the date of this order and that respondent's name be stricken from the roll of attorneys maintained by this court.

{¶ 8} It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Lawyers' Fund for Client Protection pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order the

Lawyers' Fund for Client Protection awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Lawyers' Fund for Client Protection within 90 days of the notice of that award.

{¶ 9} It is further ordered that on or before 30 days from the date of this order, respondent shall do the following:

{¶ 10} 1. Notify all clients being represented in pending matters and any co-counsel of respondent's resignation and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal services elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 11} 2. Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 12} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in the possession or control of respondent;

{¶ 13} 4. Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 14} 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 15} 6. File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of

service of the notices required herein, and setting forth the address where respondent may receive communications; and

**{¶ 16}** 7.   Retain and maintain a record of the various steps taken by respondent pursuant to this order.

**{¶ 17}** It is further ordered that on or before 30 days from the date of this order, respondent shall surrender the attorney-registration card for the 2017/2019 biennium.

**{¶ 18}** It is further ordered that until such time as respondent fully complies with this order, respondent shall keep the clerk and disciplinary counsel advised of any change of address where respondent may receive communications.

**{¶ 19}** It is further ordered that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.  All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

**{¶ 20}** It is further ordered that service shall be deemed made on respondent by sending this order and all other orders in this case to respondent's last known address.

**{¶ 21}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(D)(1) and that publication be made as provided for in Gov.Bar R. V(17)(D)(2).

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____